**Studio Movie Holdings, LLC, et al.**
**Case No. 20-32633-11-SGJ**

### GENERAL NOTES PERTAINING TO SCHEDULES AND SOFAs

On October 23, 2020 (the "Petition Date"), Studio Movie Grill Holdings, LLC and its subsidiaries and related entities, as debtors and debtors in possession (the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). The Chapter 11 cases are jointly administered under Case No. 20-32633-11-SGJ (the "Chapter 11 Cases").

With the assistance of their proposed advisors, the Debtors' management prepared the Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (the "SOFAs" and together with the Schedules, the "Schedules and SOFAs") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), and they are they not intended to be fully reconciled to the financial statements. Although the Debtors' management has made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, and inadvertent errors or omissions may have occurred. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate. These general notes regarding the Debtors' Schedules and SOFAs (the "General Notes") comprise an integral part of the Schedules and SOFAs filed by the Debtors and should be referenced in connection with any review of the Schedules and SOFAs. Nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights or claims of the Debtors against any third party, or in or with respect to any aspect of these Chapter 11 Cases.

1. **Amendments.** The Debtors reserve the right to amend or supplement the Schedules and SOFAs as necessary or appropriate.

2. **Asset Presentation.** Unless otherwise notes, each asset and liability of the Debtors is shown on the basis of the book value of the asset or liability in the Debtors' books and records, as of October 23, 2020, and not on the basis of current market values of such interest in property or liabilities. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

3. **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors also reserve the right to change the allocation of liability to the extent additional information becomes available.

4. **Assets and Liabilities.** Intercompany balances exist among all Debtors. These may represent assets or liabilities depending on the Debtor and the corresponding intercompany Debtor. These have been excluded from the Schedules. These net to $0 on a consolidated basis.

5. **Causes of Action.** Despite reasonable efforts, the Debtors might not have identified or set forth all of their causes of action against third parties as assets in their Schedules and SOFAs. The Debtors reserve any and all of their rights with respect to any causes of action they may have, and neither these General Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action.

6. **Claims Description.** Any failure to designate a claim on the Debtors' Schedules or SOFAs as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment. The Debtors reserve the right to amend their Schedules or SOFAs as necessary or appropriate.

7. **Property and Equipment.** Owned property and equipment are listed at net book value. Additionally, all information set forth on the Schedules and SOFAs regarding owned equipment, merchandise and other physical assets of the Debtors is based upon the information set forth in the Debtors' books and records. The Debtors have not completed a recent physical inventory of any of their owned equipment, merchandise or other physical assets and any information set forth in the Schedules and SOFAs may be over or understated. Further, nothing in the Schedules or SOFAs (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is or shall be construed as an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtors reserve all their rights with respect to such issues. For the purposes of Schedules B28 and B29, the value of certain assets with a net book value of zero may not be set forth on these particular Schedules. Schedule B29 assets primarily include leasehold improvements, building improvements and construction-in-progress.

8. **Insiders.** In the circumstances where the Bankruptcy Schedules require information regarding insiders or officers and directors, included herein are each Debtor's (a) directors (or persons in similar positions) and (b) officers. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense and all such rights, claims and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

9. **Insiders.** Attached as an exhibit to these Global Notes is the known potential insider relationships.

10. **Schedule D—Creditors Holding Secured Claims.** Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights. While reasonable efforts have been made, determination of the date upon which each claim in Schedule D was incurred or arose would be unduly and cost prohibitive, and therefore, the Debtors may not list a date for each claim listed on Schedule D.

11. **Schedule D—Creditors Holding Secured Claims.** The Debtors' prepetition credit facility was memorialized in that certain Second Amended and Restated Credit and Guaranty Agreement dated as of March 29, 2019 (the "Prepetition Credit Agreement") by and among, among others, the Debtors, Goldman Sachs Specialty Lending Group, L.P., as Administrative Agent, Collateral Agent, Syndication Agent, Documentation Agent, and Lead Arranger (the "Prepetition Agent"), and the lenders party thereto from time to time (the "Prepetition Lenders")**.** Upon information and belief, the other Prepetition Lenders also included CRESTLINE SPECIALTY LENDING II, L.P American National Insurance Company and/or Goldman Sachs Bank USA. The Debtors have attempted to allocate the prepetition loan appropriately, but the actual ownership of the prepetition loan may be different. Where reference is made to "Goldman Sachs" or similar, this may also refer to all Prepetition Lenders collectively.

12. **Schedule E—Creditors Holding Unsecured Priority Claims.** The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under Section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status of any claim on any basis. While reasonable efforts have been made, determination of the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors may not list a date for each claim listed on Schedule E. Additionally, the Debtors have not included employee related priority claims that existed as of the Petition Date to the extent that such claims have been or are approved for payment pursuant to orders entered by the Bankruptcy Court.

13. **Schedule F—Creditors Holding Unsecured Nonpriority Claims.** The liabilities identified in Schedule F are derived from the Debtors' books and records, which may or may not, in fact, be completely accurate, but they do represent a reasonable attempt by the Debtors to set forth their unsecured obligations. Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs. Parties in interest should consult their own professionals or advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur throughout the duration of these chapter 11 cases. The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose may

be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule F was incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtors may not listed a date for each claim listed on Schedule F.

14. **Schedule F—Creditors Holding Unsecured Nonpriority Claims.** On April 28, 2020, the Debtors received a $10,000,000 loan allowed under the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020 (the "PPP loan") from Regions Bank. On October 21, 2020, the Debtors applied for loan forgiveness in the amount of $7,303,720.91. On October 22, the Debtor repaid $2,696,279.09. Out of the abundance of caution, the Debtor scheduled this $7.3 million, but believe that it is entitled to forgiveness.

15. **Schedule F—Creditors Holding Unsecured Nonpriority Claims.** Gift card liability of approximately $6.7 million is presented in aggregate and not by gift card holder. Also, amount presented is gross and does not includes Debtors' estimated breakage of $3.8 million.

16. **Schedule G—Executory Contracts.** While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth in Schedule G. The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim. The Debtors may be party to certain agreements that have expired by their terms, but all parties continue to operate under the agreement. Out of an abundance of caution, the Debtors have listed such agreements on Schedule G. The Debtors' inclusion of such contracts or agreements on Schedule G is not an admission that such contract or agreement is an executory contract or unexpired lease. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider. The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

17. **Specific Notes.** These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. Disclosure of information in one Schedule, SOFA, exhibit, continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

18. **Totals.** All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.

19. **Unliquidated Claim Amounts.** Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "unknown."

20. **General Reservation of Rights.** The Debtors specifically reserve the right to amend, modify, supply, correct, change or alter any part of their Schedules and SOFAs as and to the extent necessary as they deem appropriate.

**EXHIBIT – INSIDER RELATIONSHIPS**

| Insider or Related Party | Relationship Entity | Debtor Entity(ies) | Nature of Relationship | Comments |
|---|---|---|---|---|
| Brian Schultz | Brian Schultz, personally | OHAM Holdings, LLC | Equity holder in OHAM; board member in OHAM | |
| Virginia Schultz | Virginia Schultz, personally | OHAM Holdings, LLC | Equity holder in OHAM | Wife of Brian Schultz |
| Brian Schultz | Brian Schultz, personally | All | CEO, President, Manager and/or Secretary for all Debtors, as applicable | Also, indirect equity holder of all Debtors through OHAM |
| Brian Schultz, indirect equity holder in Reserve Capital -- Hidden Grove SPE LLC | Reserve Capital -- Hidden Grove SPE LLC | Studio Movie Grill Holdings, LLC | Landlord to SMG's Dallas, TX corporate office | Lease not in default *(assuming we pay Oct rent)* |
| Brian Schultz, equity holder in TNTF | TNTF, LLC | Movie Grill Concepts XXXIX, LLC | Landlord to SMG's Citrus Heights, CA location | Location in development; not a go-forward location |
| Brian Schultz, equity holder in TNTF | TNTF, LLC | Movie Grill Concepts XXXIV, LLC | Landlord to SMG's Richmond, TX (Aliana shopping center) | Location in development; not a go-forward location |
| Jon Schultz, equity holder in Elite Supply | Elite Supply Source Inc. | Multiple | Supplier of consumable products to SMG theaters | Brother of Brian Schultz |
| Brian Schultz | Brian Schultz, personally | Movie Grill Concepts VII, LLC | Personal guarantee of Brian Schultz for Lewisville | Counterparty and former landlord is STORE Master Funding III, LLC |

| Insider or Related Party | Relationship Entity | Debtor Entity(ies) | Nature of Relationship | Comments |
|---|---|---|---|---|
| | | | lease exit cost; approx. $441K | |
| Brian Schultz | | Studio Club IV, LLC | Possible Personal Guarantee | |
| Brian Schultz | Studio Club, LLC | Movie Grill Concepts I, Ltd. | Holder of TX ABC liquor permit for Plano | Permission granted by the entity to Studio Club, LLC through a Beverage Concession Management Agreement |
| Brian Schultz | Studio Club 4, LLC | All Texas locations other than Plano | Holder of TX ABC liquor permits | Permission granted by the entities to Studio Club 4, LLC through Beverage Concession Management Agreements |
| Brian Schultz | | Movie Grill Concepts I, Ltd. d/b/a Studio Movie Grill | City mixed beverage permit for Plano SMG is listed as the license holder | City of Plano Mixed Beverage Permit – Plano |
| Brian Schultz | | Studio Club, LLC d/b/a Studio Movie Grill | Holder of county liquor permit for Plano | Collin County mixed beverage permit -- Plano |
| Brian Schultz | | Studio Movie Grill | Holder of city alcohol license | City of Arlington Alcoholic Beverage License - Arlington |
| Brian Schultz | | Studio Movie Grill / Studio Club 4, LLC | Holder of county alcohol permit | Tarrant County Alcoholic Beverage Permit – Arlington |
| Brian Schultz | | Studio Movie Grill / Studio Club 4, LLC | Holder of county alcohol permit | Harris County Alcoholic Beverage License/Permit Copperfield |
| Brian Schultz | | Studio Movie Grill | Holder of city alcohol permit | City of Houston On-Premise Permit – City Centre |
| Brian Schultz | | Studio Movie Grill / Studio Club 4, LLC | Holder of county alcohol permit | Harris County Alcoholic Beverage License Permit – City Centre |
| Brian Schultz | | Studio Movie Grill | Holder of city alcohol permit | Restaurant On-Premise Retail Permit   Lewisville |

| Insider or Related Party | Relationship Entity | Debtor Entity(ies) | Nature of Relationship | Comments |
|---|---|---|---|---|
| Brian Schultz | | Studio Movie Grill / Studio Club 4, LLC | Holder of county alcohol permit | Denton County Alcoholic Beverage Permit - Lewisville |
| Brian Schultz | | Studio Club 4, LLC / Brian Schultz | Holder of city alcohol permit | City of Dallas Beer/Wine/Liquor Local Fee Payment Receipt - Royal |
| Brian Schultz | | Studio Club 4, LLC / Studio Movie Grill | Holder of county alcohol tax receipt | Dallas County Alcoholic Beverage Permit Tax |
| Brian Schultz | | Movie Grill Concepts X, LLC | Holder of state alcohol permit | State liquor license for Scottsdale |
| Brian Schultz | | Movie Grill Concepts X, LLC | Holder of city liquor license | City of Scottsdale liquor license |
| Brian Schultz | | Movie Grill Concepts XII, LLC | Holder of state/dept of revenue liquor license | License to sell alcoholic beverages – Holcomb |
| Brian Schultz | | Movie Grill Concepts XII, LLC | Holder of City of Roswell Alcohol license | Alcoholic Beverage License – Holconb |
| Brian Schultz | | Movie Grill Concepts XIII, LLC | Holder of state alcohol license | Retailer On-Premises License- Wheaton |
| Brian Schultz | | Movie Grill Concepts XIII, LLC | Holder of city alcohol license | City Liquor License – Wheaton |
| Brian Schultz | | Movie Grill Concepts XIV, LLC | Holder of state/dept. of revenue alcohol license – Duluth | License to sell alcoholic beverages – Duluth |
| Brian Schultz | | Movie Grill Concepts XIV, LLC | Holder of county alcohol license – Duluth | Gwinnett County Alcoholic Beverage License - Duluth |
| Brian Schultz | | Studio Movie Grill | Holder of city alcohol permit | City of Dallas alcohol payment receipt - Royal |

| Insider or Related Party | Relationship Entity | Debtor Entity(ies) | Nature of Relationship | Comments |
|---|---|---|---|---|
| Brian Schultz | | Studio Movie Grill / Studio Club 4, LLC | Holder of county alcohol tax receipt | Dallas Tax Office county alcohol receipt - Royal |
| Brian Schultz | | Studio Movie Grill | Holder of city alcohol permit | City of Dallas alcohol payment receipt – Spring Valley |
| Brian Schultz | | Studio Movie Grill / Studio Club 4, LLC | Holder of county alcohol tax receipt | Dallas Tax Office county alcohol receipt – Spring Valley |
| Brian Schultz | | Movie Grill Concepts XVII, LLC | Holder of alcohol license | Beer, wine and liquor restaurant permit – College Park/Indianapolis |
| Brian Schultz | | Movie Grill Concepts XIX, LLC | Holder of alcoholic beverage license | CA ABC Alcoholic Beverage License – Simi Valley |
| Brian Schultz | | Movie Grill Concepts XX, LLC | Holder of alcoholic beverage license | CA ABC Alcoholic Beverage License -- Rocklin |
| Brian Schultz | | Studio Club 4, LLC | Holder of city alcohol license | City of Dallas beer wine liquor local fee payment receipt – Northwest Highway |
| Brian Schultz | | Studio Club 4, LLC | Holder of county alcohol tax receipt | Dallas County alcoholic beverage permit tax – Northwest Highway |
| Brian Schultz | | Studio Movie Grill Studio Club 4, LLC | Holder of county liquor permit | Smith County Alcoholic Beverage Receipt – Tyler |
| Brian Schultz | | Studio Movie Grill | Holder of city alcohol fee | City of Tyler |
| Brian Schultz | | Studio Club 4, LLC | Holder of city liquor receipt | City of Houston – Pearland |
| Brian Schultz | | Studio Movie Grill Studio Club 4, LLC | Holder of Harris County liquor permit | Harris County Liquor Permit – Pearland |
| Brian Schultz | | Movie Grill Concepts XXIV, LLC | Holder of Florida Alcohol Permit | Florida Consumption on Premises License - Tampa |

| Insider or Related Party | Relationship Entity | Debtor Entity(ies) | Nature of Relationship | Comments |
|---|---|---|---|---|
| Brian Schultz | | Movie Grill Concepts XXV, LLC / Studio Movie Grill | Holder of PLCB alcohol license | PA Liquor Control Board License – Upper Darby |
| Brian Schultz | | Movie Grill Concepts XXVI, LLC | Holder of city liquor license | City of Chicago On-Premises License Certificate - Chatham |
| Virginia Schultz | | Movie Grill Concepts XXVI, LLC | Holder of city liquor license | Betty was required to file an application even tough she has a small percentage. (Chatham) |
| Brian Schultz | | Movie Grill Concepts XXVI, LLC / Studio Movie Grill | Holder of state liquor license | State of Illinois Retailer on Premises License - Chatham |
| Brian Schultz | | Studio Movie Grill / Studio Club 4, LLC | Holder of county alcohol license | Denton County Alcoholic Beverage Permit – The Colony |
| Brian Schultz | | Studio Movie Grill / Studio Club 4, LLC | Holder of county alcohol license | Tarrant County Alcoholic Beverage Permit - Colleyville |
| Brian Schultz | | Studio Club 4, LLC / Studio Movie Grill | Holder of city alcohol license | City of Colleyville Alcoholic Beverage License |
| Brian Schultz | | Movie Grill Concepts XXX / Studio Movie Grill | Holder of state alcohol license | State of Florida Consumption on Premises License – Sunset Walk |
| Brian Schultz | | Studio Movie Grill / Studio Club 4, LLC | Holder of county AB permit | Tarrant County Alcoholic Beverage Permit – Lincoln Square |
| Brian Schultz | | Studio Movie Grill / Studio Club 4, LLC | Holder of city alcohol permit | City of Arlington Alcoholic Beverage License – Lincoln Square |
| Brian Schultz | | Movie Grill Concepts XXXII, LLC | Holder of NC ABC alcohol license | NC ABC alcohol license - Prosperity |

EXHIBIT – GENERAL NOTES PERTAINING TO SCHEDULES AND SOFAS

| Insider or Related Party | Relationship Entity | Debtor Entity(ies) | Nature of Relationship | Comments |
|---|---|---|---|---|
| Brian Schultz | | Studio Movie Grill / Movie Grill Concepts XXXII, LLC | Holder of city/ county beer/wine license | City of Charlotte/Mecklenburg County Privilege License – Beer/Wine - Prosperity |
| Brian Schultz | | Movie Grill Concepts XXXV, LLC | Holder of state alcoholic beverage license | CA Alcoholic Beverage License - Bakersfield |
| Brian Schultz | | Movie Grill Concepts XXXVI, LLC / Studio Movie Grill | Holder of state alcohol license | State of Florida Consumption on Premises License – Seminole |
| Brian Schultz | | Movie Grill Concepts XXXVII, LLC | Holder of state alcohol license | State of CA Alcoholic Beverage License – Downey Each southern CA location shas its own separate alcohol license, even tough they have the same entity name |
| Brian Schultz | | Movie Grill Concepts XXXVII, LLC | Holder of state alcohol license | State of CA Alcoholic Beverage License – Monrovia |
| Brian Schultz | | Movie Grill Concepts XXXVII, LLC | Holder of state alcohol license | State of CA Alcoholic Beverage License -- Redlands |
| Brian Schultz | | Movie Grill Concepts XXXVIII, LLC | Holder of state alcoholic beverage license | GA Dept. of Revenue License to sell alcoholic beverages – Marietta |
| Brian Schultz | | Studio Movie Grill / Movie Grill Concepts XXXVIII, LLC | Holder of city alcohol license | City of Marietta Beer and Wine Consumption on Premises |
| Brian Schultz | | Movie Grill Concepts XXXIX, LLC | Holder of application submitted for state alcohol license | State of CA Alcoholic Beverage License (permit) application is pending completion of project; alcohol license was purchased – Citrus Heights |
| Brian Schultz | | Movie Grill Concepts XL, LLC | Holder of state alcoholic beverage license | State of CA Alcoholic Beverage License -- Glendale |

EXHIBIT – GENERAL NOTES PERTAINING TO SCHEDULES AND SOFAS

| Insider or Related Party | Relationship Entity | Debtor Entity(ies) | Nature of Relationship | Comments |
|---|---|---|---|---|
| Brian Schultz | | Movie Grill Concepts XLIII, LLC | Holder of pre-approved state alcohol license | Purchased a liquor license that is being held until we complete the project. Our application for a permit has been pre-approved. (Willow Grove) |
| Brian Schultz | | Movie Grill Concepts XLV, LLC / Studio Movie Grill | Holder of state liquor license | VA ABC License – Hampton |
| Brian Schultz | Brian Schultz, Personally | All | Personal guarantee of Brian Schultz to Walt Disney Studios Motion Pictures | Continuing Guarantee |
| Brian Schultz | Brian Schultz, Personally | All | Personal guarantee of Brian Schultz to Twentieth Century Fox | Guaranty |
| Brian Schultz | Brian Schultz, Personally | All | Personal guarantee of Brian Schultz to Lionsgate | Continuing Personal Guarantee |
| Brian Schultz | Brian Schultz, Personally | All | Personal guarantee of Brian Schultz to Paramount | Personal Guaranty Letter |
| Brian Schultz | Brian Schultz, Personally | All | Personal guarantee of Brian Schultz to Sony Pictures Releasing | Guarantee Letter |
| Brian Schultz | Brian Schultz, Personally | All | Personal guarantee of Brian Schultz to Universal Film Exchanges | |

EXHIBIT – GENERAL NOTES PERTAINING TO SCHEDULES AND SOFAS

| Insider or Related Party | Relationship Entity | Debtor Entity(ies) | Nature of Relationship | Comments |
|---|---|---|---|---|
| Brian Schultz | Brian Schultz, Personally | Movie Grill Concepts IV, Ltd. | Personal Guarantee of Brian Schultz | Copperfield location lease |
| Brian Schultz | Brian Schultz, Personally | Movie Grill Concepts XIII, LLC | Personal Guarantee of Brian Schultz | Wheaton Location Lease |
| Brian Schultz | Brian Schultz, Personally | Movie Grill Concepts XX, LLC | Personal Guarantee of Brian Schultz | Rocklin Location Lease |
| Brian Schultz | Brian Schultz, Personally | All | CEO of all debtors | Towerbrook Securities Purchase Agreement, requires that Brian be CEO of all debtor entities and they have to consent to a change. |

| Fill in this information to identify the case: |
| --- |
| **Debtor name:** Movie Grill Concepts XXXVII, LLC |
| **United States Bankruptcy Court for the:** Northern District of Texas |
| **Case number (if known):** 20-32644 |

☐ Check if this is an
amended filing

<u>Official Form 207</u>

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

**1.  Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue (Check all that apply) | Gross revenue (before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 1/1/2020 to 10/23/2020 | | | ☑ Operating a business<br>☐ Other: _____ | $1,057,802.23 |
| **From the beginning of the fiscal year to filing date:** | From 1/1/2020 to 10/23/2020 | | | ☑ Operating a business<br>☐ Other: _____ | $1,356,594.21 |
| **From the beginning of the fiscal year to filing date:** | From 1/1/2020 to 10/23/2020 | | | ☑ Operating a business<br>☐ Other: _____ | $1,529,077.34 |
| **For prior year:** | From 1/1/2019 to 12/31/2019 | | | ☑ Operating a business<br>☐ Other: _____ | $6,855,448.65 |
| **For prior year:** | From 1/1/2019 to 12/31/2019 | | | ☑ Operating a business<br>☐ Other: _____ | $8,308,548.42 |
| **For prior year:** | From 1/1/2019 to 12/31/2019 | | | ☑ Operating a business<br>☐ Other: _____ | $9,061,509.20 |
| **For the year before that:** | From 1/1/2018 to 12/31/2018 | | | ☑ Operating a business<br>☐ Other: _____ | $4,270,469.28 |
| **For the year before that:** | From 1/1/2018 to 12/31/2018 | | | ☑ Operating a business<br>☐ Other: _____ | $6,227,653.34 |
| **For the year before that:** | From 1/1/2018 to 12/31/2018 | | | ☑ Operating a business<br>☐ Other: _____ | $6,472,461.52 |

Debtor    **Movie Grill Concepts XXXVII, LLC**                                          Case number *(if known)* **20-32644**

---

**2.  Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

|  | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**  From _____ to _____  _____ | | $_____ |
| From _____ to _____  _____ | | $_____ |
| From _____ to _____  _____ | | $_____ |

Debtor   **Movie Grill Concepts XXXVII, LLC**                    Case number *(if known)* **20-32644**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 04/01/2022 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 04/01/2022 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | | | $ | |
| | **Relationship to debtor** | | | |
| | | | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $ |

Debtor   **Movie Grill Concepts XXXVII, LLC**                    Case number *(if known)* **20-32644**

---

**6.   Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1. _____ | _____ | _____ | $_____ |
|  _____ |  |  |  |
|  _____ | Last 4 digits of account number: XXXX–_____ |  |  |

Debtor    **Movie Grill Concepts XXXVII, LLC**                                    Case number *(if known)* **20-32644**

| **Part 3:** | Legal Actions or Assignments |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | PANTERRA DEVELOPMENT, LTD, LLP AND PANTERRA GP, INC. VS. MOVIE GRILL CONCEPTS XXVII, LLC D/B/A STUDIO MOVIE GRILL | BREACH OF CONTRACT | AMERICAN ARBITRATION ASSOCIATION 13727 NOEL ROAD SUITE 700 DALLAS TX 75240 | ☑ Pending ☐ On appeal ☐ Concluded |
| | **Case number** 01-20-0014-0874 | | | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.2. | RICKY CABRAL V. MOVIE GRILL CONCEPTS XXXVII, LLC DBA STUDIO MOVIE GRILL; DOES 1 THROUGH 20, INCLUSIVE | DFEH CHARGE OF DISCRIMINATION AND LAW SUIT ALLEGING DISCRIMINATION, WRONGFUL TERMINATION AND WAGE AND HOUR VIOLATIONS | SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO 655 W. 2ND STREET 2ND FLOOR SAN BERNARDINO CA 92415 | ☑ Pending ☐ On appeal ☐ Concluded |
| | **Case number** CIVDS 1928263 | | | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.3. | SPIRIT MASTER FUNDING X, LLC V. STUDIO MOVIE HOLDINGS, LLC | BREACH OF CONTRACT | 134TH DISTRICT COURT, DALLAS COUNTY, TEXAS 600 COMMERCE STREET SUITE 650 DALLAS TX 75202 | ☑ Pending ☐ On appeal ☐ Concluded |
| | **Case number** DC-20-08797 | | | |

Debtor   **Movie Grill Concepts XXXVII, LLC**                                    Case number *(if known)* **20-32644**

---

## 8.  Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1. | | $ |
| | **Case title** | **Court name and address** |
| | **Case number** | |
| | **Date of order or assignment** | |

Debtor    **Movie Grill Concepts XXXVII, LLC**                                        Case number *(if known)* **20-32644**

| Part 4: | Certain Gifts and Charitable Contributions |
| --- | --- |

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
| --- | --- | --- | --- |
| 9.1. _____ | _____ | _____ | $_____ |
| _____ | | | |
| _____ | | | |
| _____ | | | |

| Recipient's relationship to debtor |
| --- |
| _____ |

Debtor    **Movie Grill Concepts XXXVII, LLC**                                    Case number *(if known)* **20-32644**

| Part 5: | Certain Losses |
|---|---|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1. _____ | $_____ | _____ | $_____ |

Debtor    **Movie Grill Concepts XXXVII, LLC**                                    Case number *(if known)* **20-32644**

| Part 6: | Certain Payments or Transfers |
| --- | --- |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- | --- |
| 11.1. | | | | $ |
| | Address | | | |
| | | | | |
| | | | | |
| | Email or website address | | | |
| | | | | |
| | Who made the payment, if not debtor? | | | |
| | | | | |
| | | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
| --- | --- | --- | --- | --- |
| 12.1. | | | | $ |
| | Trustee | | | |
| | | | | |
| | | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

Debtor    **Movie Grill Concepts XXXVII, LLC**                              Case number *(if known)* **20-32644**

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1. _____ | _____ | _____ | $_____ |

**Address**

_____

_____

_____

**Relationship to debtor**

_____

Debtor   **Movie Grill Concepts XXXVII, LLC**                        Case number *(if known)* **20-32644**

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1. _____ | From _____ To _____ |

Debtor    **Movie Grill Concepts XXXVII, LLC**                    Case number *(if known)* **20-32644**

| **Part 8:** | Healthcare Bankruptcies |
|---|---|

**15. Healthcare bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____ <br> _____ <br> _____ | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider <br> _____ <br> _____ <br> _____ | **How are records kept?** <br> Check all that apply: <br> ☐ Electronically <br> ☐ Paper |

Debtor    **Movie Grill Concepts XXXVII, LLC**                                                    Case number *(if known)* **20-32644**

---

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No

☑ Yes. State the nature of the information collected and retained. CUSTOMER NAMES, PHONE NUMBERS, ADDRESS AND E-MAIL
ADDRESSES FOR LOYALTY ACCOUNTS AND SPECIAL EVENT ACCOUNTS. FIRST 6 DIGITS AND LAST 4 DIGIT OF CREDIT CARD
NUMBERS ON ALL CREDIT CARD TRANSACTIONS. WE DO NOT RETAIN COMPLETE CREDIT CARD NUMBERS

Does the debtor have a privacy policy about that information?

☐ No

☑ Yes

---

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b)
or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ None. Go to Part 10.

☐ Yes. Fill in the information below.

17.1. Does the debtor serve as plan administrator?

☐ No

☐ Yes. Fill in below.

| Name of plan | Employer identification number of the plan |
|---|---|
| | EIN: __ __-__ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ No

Debtor   **Movie Grill Concepts XXXVII, LLC**                                                Case number *(if known)* **20-32644**

---

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____ _____ _____ | XXX-_____ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other _____ | _____ | $_____ |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1. | _____ _____ _____ | _____ _____ _____ | _____ | ☐ No ☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| | Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1. | MOBILE MINI STORAGE SOLUTIONS Address Intentionally Omitted | MARK SWANSON EDDIE COLIN Address Intentionally Omitted | KITCHEN EQUIPMENT, 18 FT. LONG STAINLESS STEEL EXPO COUNTER | ☐ No ☑ Yes |

---

Debtor   **Movie Grill Concepts XXXVII, LLC**                           Case number *(if known)* **20-32644**

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1. _____ | _____ | _____ | $_____ |
| _____ | | | |
| _____ | | | |

Debtor   **Movie Grill Concepts XXXVII, LLC**                                  Case number *(if known)* **20-32644**

---

| **Part 12:** | **Details About Environmental Information** |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| | **Case title** | **Court or agency name and address** | **Nature of the case** | **Status of case** |
|---|---|---|---|---|
| 22.1. | _____ | _____ | _____ | ☐ Pending |
| | **Case number** | _____ | | ☐ On appeal |
| | _____ | | | ☐ Concluded |

---

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| | **Site name and address** | **Governmental unit name and address** | **Environmental law, if known** | **Date of notice** |
|---|---|---|---|---|
| 23.1. | _____ | _____ | _____ | _____ |
| | _____ | _____ | | |
| | _____ | _____ | | |

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| | **Site name and address** | **Governmental unit name and address** | **Environmental law, if known** | **Date of notice** |
|---|---|---|---|---|
| 24.1. | _____ | _____ | _____ | _____ |
| | _____ | _____ | | |
| | _____ | _____ | | |

---

Official Form 207        **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**        Page 16

Debtor   **Movie Grill Concepts XXXVII, LLC**                                    Case number *(if known)* **20-32644**

---

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
| --- | --- |

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| --- | --- | --- | --- |
| 25.1. | _____<br>_____<br>_____ | _____ | EIN: __ __-__ __ __ __ __ __ __<br>**Dates business existed**<br>From _____ To _____ |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
| --- | --- |
| 26a.1.   DENISE LYTLE<br>Address Intentionally Omitted | From 4/8/2019 To Present |

| Name and address | Dates of service |
| --- | --- |
| 26a.2.   RACHEL EVANS<br>Address Intentionally Omitted | From 3/20/2017 To 2/22/2019 |

| Name and address | Dates of service |
| --- | --- |
| 26a.3.   TED CROFT<br>Address Intentionally Omitted | From 8/1/2011 To 7/3/2020 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
| --- | --- |
| 26b.1.   BAKER TILLY<br>2500 DALLAS PARKWAY, STE 300<br>PLANO TX 75093 | From 01/2020 To Present |

| Name and address | Dates of service |
| --- | --- |
| 26b.2.   MONTGOMERY COSCIA GREILICH LLP<br>2500 DALLAS PARKWAY, STE 300<br>PLANO TX 75093 | From 01/2011 To 12/2019 |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
| --- | --- |
| 26c.1.   DENISE LYTLE<br>Address Intentionally Omitted | _____ |

Debtor    **Movie Grill Concepts XXXVII, LLC**                                     Case number *(if known)* **20-32644**

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2.    STUDIO MOVIE GRILL HOLDINGS, LLC<br>12404 PARK CENTRAL DRIVE, SUITE 400N<br>DALLAS TX 75251 | _____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1.    _____<br>_____<br>_____<br>_____ |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.1.    DONTE GOLDEN | 3/26/2020 | $41,344.19  (Cost Basis) |

| Name and address of the person who has possession of inventory records |
|---|
| EDWARD COHN<br>8200 3RD STREET<br>DOWNEY CA 90241 |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.2.    DONTE GOLDEN | 2/26/2020 | $41,200.80  (Cost Basis) |

| Name and address of the person who has possession of inventory records |
|---|
| EDWARD COHN<br>8200 3RD STREET<br>DOWNEY CA 90241 |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.3.    JOSE PORTILLO | 3/26/2020 | $45,239.16  (Cost Basis) |

| Name and address of the person who has possession of inventory records |
|---|
| BRYAN AUDIN<br>340 N EUREKA ST.<br>REDLANDS CA 92374 |

Debtor   **Movie Grill Concepts XXXVII, LLC**                                   Case number *(if known)* **20-32644**

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.4.   JOSE PORTILLO | 2/26/2020 | $41,674.46  (Cost Basis) |

| Name and address of the person who has possession of inventory records |
|---|
| BRYAN AUDIN<br>340 N EUREKA ST.<br>REDLANDS CA 92374 |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.5.   PETER ST. DAVILA | 3/25/2020 | $46,694.04  (Cost Basis) |

| Name and address of the person who has possession of inventory records |
|---|
| GREG HOWARD<br>410 S. MYRTLE AVE<br>MONROVIA CA 91016 |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.6.   PETER ST. DAVILA | 2/26/2020 | $43,310.66  (Cost Basis) |

| Name and address of the person who has possession of inventory records |
|---|
| GREG HOWARD<br>410 S. MYRTLE AVE<br>MONROVIA CA 91016 |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.1.   BRIAN E. SCHULTZ<br>12404 PARK CENTRAL DRIVE, SUITE 400N<br>DALLAS TX 75251 | CEO, PRESIDENT, AND SECRETARY | N/A | N/A |

| Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.2.   STUDIO MOVIE GRILL HOLDINGS, LLC<br>12404 PARK CENTRAL DRIVE, SUITE 400N<br>DALLAS TX 75251 | PARENT CORP | COMMON STOCK | 100.00% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

Debtor   **Movie Grill Concepts XXXVII, LLC**                                    Case number *(if known)* **20-32644**

| | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1. | TED CROFT<br>Address Intentionally Omitted | CFO AND TREASURER | N/A | From 8/1/2011 To 7/3/2020 |

---

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below

| | Name and address of recipient | Amount of money or value of property | Description of property | Dates | Reason for providing the value |
|---|---|---|---|---|---|
| 30.1. | _____<br>_____<br>_____<br>_____ | $_____ | _____ | _____ | _____ |
| | **Relationship to debtor** | | | | |
| | _____ | | | | |

---

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1.  OHAM HOLDINGS, LLC | EIN: 83-4100966 |

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.2.  STUDIO MOVIE GRILL HOLDINGS, LLC | EIN: 45-3516546 |

---

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1.  _____<br>_____<br>_____ | EIN: __ __ - __ __ __ __ __ __ __ |

---

Debtor   **Movie Grill Concepts XXXVII, LLC**                                    Case number *(if known)* **20-32644**

---

| **Part 14:** | **Signature and Declaration** |

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/13/2020         **x**    */s/ William K. Snyder*
               MM/DD/YYYY                    Signature of individual signing on behalf of debtor

                                             William K. Snyder
                                             Printed name

                                             CRO
                                             Position or relationship to debtor

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**

☑ No
☐ Yes

---